IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| In the matter of:<br><br>RONNIE LOUIS MARVEL KAHAPEA,<br><br>Debtor.<br>———————————————<br>RONNIE LOUIS MARVEL KAHAPEA,<br><br>Appellant,<br><br>vs.<br><br>PENNYMAC LOAN SERVICES, LLC,<br><br>Appellee.<br>——————————————— | Case No. 25-cv-00258-DKW-RT<br><br>Bankr. No. 24-01025<br>Adv. No. 25-90004<br><br><br>**ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION AND/OR, ALTERNATIVELY, AFFIRMING DECISIONS OF U.S. BANKRUPTCY COURT** |

Appellant Ronnie Louis Marvel Kahapea appeals the decision of the U.S. Bankruptcy Court to dismiss Kahapea's Adversary Proceeding against Appellee Pennymac Loan Services, LLC (Pennymac) on the ground of permissive abstention under 28 U.S.C. Section 1334(c)(1).   Dkt. No. 1.   Review of Section 1334, however, reflects that this Court lacks jurisdiction to hear the instant appeal. Further, even if jurisdiction exists, in his briefing, Kahapea fails to explain (or even mention) how the Bankruptcy Court erred in weighing whether to abstain from this matter.   Instead, Kahapea asserts that the Bankruptcy Court violated his constitutional rights to due process and a jury trial on his various claims, including

fraud and unjust enrichment.   Those assertions, however, are entirely irrelevant to whether or not the Adversary Proceeding Kahapea initiated is a matter appropriate for abstention under Section 1334 and governing case law.   Therefore, for the reasons set forth further below, the decision of the Bankruptcy Court is AFFIRMED.

<u>**RELEVANT BACKGROUND**</u>

As this Court has stated in a different matter involving Kahapea, the background of this case begins with a piece of real property in Volcano, Hawai'i ("the Volcano Property").   *See* Case No. 25-cv-00124-DKW-WRP, Dkt. No. 9. On August 12, 2022, Pennymac filed a Complaint for Mortgage Foreclosure in the Third Circuit of the State of Hawai'i (Third Circuit), seeking to foreclose upon the Volcano Property after Kahapea and others allegedly defaulted on a mortgage with a remaining principal balance of $261,558.16 ("the Foreclosure Proceeding"). Dkt. No. 6-1 at ¶¶ 3, 8, 11-12 (Complaint for Mortgage Foreclosure in Case No. 3CCV-22-000232).   On September 26, 2024, the Third Circuit (1) granted Pennymac's motion for summary judgment and for interlocutory decree of foreclosure with respect to the Volcano Property, and (2) entered Judgment in favor of Pennymac.   Dkt. Nos. 6-4, 6-5.   On October 21, 2024, Kahapea filed a Notice of Appeal to the Intermediate Court of Appeals of the State of Hawai'i

("ICA").   Dkt. No. 6-8.   As far as this Court is aware, the appeal to the ICA remains pending.

Roughly two weeks later, on November 6, 2024, Kahapea filed a voluntary petition for bankruptcy relief under Chapter 13 of Title 11 of the U.S. Code ("the Bankruptcy Proceeding").   Dkt. No. 6-9.   In the Bankruptcy Proceeding, Kahapea disclosed that he had assets of $567,384, no liabilities, and not a single creditor, secured or unsecured.   Dkt. No. 6-11 at 1, 15, 18, 20-23.[1]

On January 24, 2025, Kahapea initiated an Adversary Proceeding (AP) against Pennymac arising out of the Bankruptcy Proceeding.   Dkt. No. 6-10 at 4; Dkt. No. 6-12.   In the AP Complaint, Kahapea sought to invalidate and/or disallow any liens or claims Pennymac may assert in the Bankruptcy Proceeding and enjoin Pennymac from pursuing the Foreclosure Proceeding.   Dkt. No. 6-12 at 4-5.[2]

On April 14, 2025, Pennymac moved to dismiss the AP Complaint with prejudice on numerous grounds, including the *Rooker-Feldman* doctrine,[3]  res

---

[1]Kahapea also certified under penalty of perjury that his list of creditors, or, more accurately, lack thereof, was true and correct.   Dkt. No. 6-11 at 61.

[2]On March 18, 2025, Kahapea attempted to withdraw the reference of the Bankruptcy Proceeding and AP from the Bankruptcy Court, which this Court denied on May 5, 2025.   Case No. 25-cv-00124-DKW *Kahapea v. Pennymac Loan Services, LLC*, Dkt. Nos. 1, 9.

[3]*Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

3

judicata, and failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6).   Dkt. No. 6-13.   After briefing on the motion to dismiss, Dkt.

Nos. 6-14 & 6-15, the Bankruptcy Court held a hearing on the same, resulting in

the granting of the motion to dismiss and the dismissal of the AP Complaint, Dkt.

No. 6-17.   In doing so, the Bankruptcy Court struck the words "with prejudice"

from the dismissal order submitted by Pennymac's counsel ("Dismissal Order").

*Id*. at 2.

On May 30, 2025, Kahapea moved for reconsideration of the Dismissal

Order.   Dkt. No. 6-18.   In pertinent part, Kahapea argued that the Bankruptcy

Court relied on "contradict[ory]" findings in abstaining, erred in failing to address

"federal question[s]" in the AP Complaint, and violated his constitutional right to a

jury trial.   On June 3, 2025, the Bankruptcy Court denied the motion for

reconsideration, explaining that at least three factors weighed "strongly in favor of

abstention", including the presence of a related proceeding in State court.   Dkt.

No. 6-19.

On June 23, 2025, Kahapea appealed, resulting in the present action.   Dkt.

No. 1.   In support, Kahapea has filed an opening brief.   Dkt. No. 4.   Therein, he

argues that, in dismissing the AP Complaint, the Bankruptcy Court violated his

constitutional rights to due process and a jury trial, he did not receive "actual

consideration" in the loan for the Volcano Property, Pennymac does not have "standing to enforce" debt related to the Volcano Property, he was awarded "in excess of $1.8 million" in arbitration against Pennymac, and the Bankruptcy Court exhibited "favoritism" toward Pennymac.

Pennymac has filed an opposition brief, arguing, among other things, that this Court lacks jurisdiction to consider the appeal of an abstention order under Section 1334(c)(1), the Bankruptcy Court did not abuse its discretion in abstaining, and the Bankruptcy Court did not violate Kahapea's constitutional rights or show bias.   Dkt. No. 5.   In his reply brief, Kahapea repeats that Pennymac has not established "standing" to enforce the mortgage on the Volcano Property, Pennymac is not the "true creditor" of the same, and the Bankruptcy Court violated Kahapea's constitutional rights when he was denied a hearing prior to dismissal of the AP Complaint.   Dkt. No. 8.

With briefing complete, this Order now follows.

## DISCUSSION

There are at least two straightforward reasons for dismissing this appeal and/or affirming the decision of the Bankruptcy Court.   The first reason is jurisdictional.   Section 1334(d) provides, in pertinent part: "Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to

abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal…."   Here, the Bankruptcy Court decided to abstain under Section 1334(c)(1).   Dkt. No. 6-16 at 4:15-17; Dkt. No. 6-19 at 2.   Therefore, pursuant to Section 1334(d), this Court does not have jurisdiction to "review[] by appeal" that decision, as Kahapea requests.   *See Schultze v. Chandler*, 765 F.3d 945, 950 n.2 (9 Cir. 2014) (stating that the Circuit lacked "jurisdiction to review" the decision of a bankruptcy court declining to abstain under Section 1334(c)(1)).

Even if jurisdiction did exist to review the Bankruptcy Court's abstention decision, the second reason is more substantive.   Specifically, in his appellate briefing, Kahapea essentially ignores the Bankruptcy Court's consideration of the relevant factors in weighing whether to abstain, as he mentions none of the same or even the concept that such a balancing process exists or was employed.   Instead, Kahapea focuses upon Pennymac's alleged lack of standing to pursue a foreclosure of the Volcano Property.   That, however, has nothing to do with whether the Bankruptcy Court should abstain from the State foreclosure process where, in any event, such a purported standing issue should have been raised in the first place. Therefore, even liberally construed, Kahapea has effectively waived any argument challenging the merits of the Bankruptcy Court's decision on appeal.   *See In re Klein*, 2013 WL 5496519, at *8 (9th Cir. B.A.P. Oct. 3, 2013) (finding that an

appellant failed to argue and, thus, had "waived" arguments on appeal as to why a bankruptcy court's decision to abstain under Section 1334(c)(1) was in error).

Kahapea is also wrong to contend that he has been denied a jury-trial right or due process, that the claims in his AP Complaint were dismissed "with" prejudice, or that the Bankruptcy Court was biased against or in favor of any party.   Notably, in the Dismissal Order, the Bankruptcy Court deleted mention of dismissing the AP Complaint "with prejudice", Dkt. No. 6-17 at 2, which is unsurprising given that the Bankruptcy Court *abstained* from even considering Kahapea's claims, *see, e.g.*, *In re Hatfield*, 2009 WL 2849538, at *1 (Bankr. N.D. Cal. July 17, 2009) (dismissing claims without prejudice on abstention grounds under Section 1334(c)(1).   In this light, Kahapea has also provided no support for his conclusory assertion that he has been deprived of a purported right to a jury trial. *Cf. Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1282-83 & n.8 (9th Cir. 2023) (discussing cases and noting that a dismissal *without* prejudice would not cause "legal prejudice" where a party failed to show the loss of, *inter alia*, a jury-trial right).   Further, contrary to Kahapea's contention, the Bankruptcy Court did not act "without notice or hearing…."   Dkt. No. 4 at 9.   Rather, Kahapea was *present* at, and, thus, obviously received notice of, the hearing on the motion to dismiss before the Bankruptcy Court.   Dkt. No. 6-16 at 2:11-16.   Kahapea was also given

the opportunity to be heard at the same hearing he now claims never occurred. *Id.* at 2:25-3:14. Finally, Kahapea's assertions of bias are, as discussed above, without basis and premised entirely upon his disagreement with the Bankruptcy Court's rulings, which are <u>not</u> a valid reason for seeking recusal or disqualification. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); Rules for Judicial-Conduct and Judicial-Disability Proceedings 4(b)(1) ("[c]ognizable misconduct does not include an allegation that calls into question the correctness of a judge's rulings…."). [4]

## **<u>CONCLUSION</u>**

For the reasons set forth above, the instant appeal is DISMISSED for lack of jurisdiction, pursuant to 28 U.S.C. Section 1334(d). Alternatively, should jurisdiction exist, the decisions of the Bankruptcy Court to dismiss the AP Complaint and deny reconsideration of the same are AFFIRMED.

The Clerk is instructed to CLOSE this case.

IT IS SO ORDERED.

Dated: September 11, 2025 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

[4] Kahapea also contends that the Bankruptcy Court somehow erred in connection with a purported arbitration award for which he has not provided a shred of substantiation. Therefore, the Court does not further address those contentions herein.